# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District SOUTHERN DISTRICT OF FLORIDA |
|---|---|
| Name (under which you were convicted):<br>GERARDO HERNANDEZ | Docket or Case No.:<br>98-721-CR-LENARD |
| Place of Confinement:<br>USP VICTORVILLE | Prisoner No.:<br>58739-004 |
| UNITED STATES OF AMERICA<br>v. | Movant (include name under which you were convicted)<br>GERARDO HERNANDEZ |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    United States District Court, Southern District of Florida
    400 North Miami Avenue
    Miami, FL  33128

    (b) Criminal docket or case number (if you know):  98-721-CR-LENARD

2. (a) Date of the judgment of conviction (if you know):  12/14/2001

    (b) Date of sentencing:  12/12/2001

3. Length of sentence:  LIFE

4. Nature of crime (all counts):

    18 U.S.C. § 794; Gathering, Delivering Defense Info
    18 U.S.C. § 1117; Conspiracy to Murder
    18 U.S.C. § 951; Impersonating Agents of Foreign Governments
    18 U.S.C. § 371; Conspiracy to Defraud the United States
    18 U.S.C. § 1546; Fraud and Misuse of Visas/permits
    18 U.S.C. § 1028; Fraud with Identification Documents

5. (a) What was your plea? (Check one)

    (1)  Not guilty ☑        (2)  Guilty ❏        (3)  Nolo contendere (no contest) ❏

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ☑        Judge only ❏

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?  Yes ☑  No ☐

9. If you did appeal, answer the following:

    (a) Name of court:  Eleventh Circuit Court of Appeals

    (b) Docket or case number (if you know):  01-17176, 03-11087

    (c) Result:  Affirmed

    (d) Date of result (if you know):  6/4/2008

    (e) Citation to the case (if you know):  U.S. v. Campa, 529 F.3d 980 (11th Cir. June 4, 2008)

    (f) Grounds raised:

    Multiple grounds, including an appeal from the denial of a motion for new trial based on newly discovered evidence, were raised as stated by the appellate court in:

    U.S. v. Campa, 419 F.3d 1219 (11th Cir. Aug. 9, 2005); U.S. v. Campa, 459 F.3d 1121 (11th Cir. Aug. 9, 2006) (en banc); U.S. v. Campa, 529 F.3d 980 (11th Cir. June 4, 2008)

    (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☑  No ☐

        If "Yes," answer the following:

        (1) Docket or case number (if you know):  08-987

        (2) Result:

          Denied

        (3) Date of result (if you know):  6/15/2009

        (4) Citation to the case (if you know):  Campa v. U.S., 129 S.Ct. 2790

        (5) Grounds raised:

        1. Did the Eleventh Circuit apply an erroneous legal standard in holding that petitioners did not establish a right to a change of venue?
        2. Does a party's failure to use all of its peremptory strikes to strike all minority members of the juror per se preclude a prima facie challenge under Batson v. Kentucky?
        3. Incident to its review of Questions 1 and 2, should this Court review the judgment as it pertains specifically to petitioner Hernandez?

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☑  No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:  U.S. District Court, S.D. Fla.

        (2) Docket or case number (if you know):  same as criminal docket number

        (3) Date of filing (if you know):  11/13/2002

Page 4

    (4) Nature of the proceeding:   Rule 33 motion for new trial due to newly discovered evidence

    (5) Grounds raised:

      Newly discovered evidence relating to venue compels granting a new trial.

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❏  No ✓

    (7) Result:  Denied

    (8) Date of result (if you know):  2/13/2003

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❏  No ❏

    (7) Result:

    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:     Yes ✓  No ❏

    (2)  Second petition:  Yes ❏  No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel provided constitutionally ineffective assistance in the guilt phase of the case by failing sufficiently to investigate and research questions pertinent to the determination of the trial issues, including the guilt or innocence of his client, and by failing sufficiently to prepare for trial, file appropriate motions, address pertinent questions regarding the trial venue, submit appropriate questions for voir dire, request appropriate jury instructions, and otherwise preserve petitioner's rights with respect to the charges. [Please see attached addendum for further specification of claim.]

NOTE:   PLEASE SEE ATTACHED ADDENDUM FOR THE FULL LIST OF CLAIMS RAISED BY THE MOVANT IN THIS MOTION.

(b) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

    Ineffective assistance of counsel not subject to appeal in this context.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO**:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel provided constitutionally ineffective assistance at the sentencing phase with regard to Count 3 by failing sufficiently to research and investigate the factors relevant to the sentencing of his client and by failing to properly object to and seek a departure from sentencing guideline calculations on which the sentence was premised.  [Please see attached addendum for further specification of claim.]

NOTE:   PLEASE SEE ATTACHED ADDENDUM FOR THE FULL LIST OF CLAIMS RAISED BY THE MOVANT IN THIS MOTION.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ✓

    (2) If you did not raise this issue in your direct appeal, explain why:

    Ineffective assistance of counsel not subject to appeal in this context.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ✓

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Counsel provided constitutionally ineffective assistance on direct appeal of the conviction and sentence by failing to raise and argue all appropriate appellate issues, including issues counsel failed to preserve in the district court as stated in this petition and in Appendix A to the attached addendum, as to discovery issues, instructional error, and improper evidence and arguments offered by the government, such that issues were abandoned, and when counsel attempted belatedly to expand the issues, the appellate court would not consider them.

NOTE:   PLEASE SEE ATTACHED ADDENDUM FOR THE FULL LIST OF CLAIMS RAISED BY THE MOVANT IN THIS MOTION.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

  Ineffective assistance of counsel not subject to appeal in this context.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR**:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

The government violated petitioner Hernandez's rights of due process and to a fair trial, and furthermore undermined the constitutionally effective assistance of petitioner's counsel, when it failed to disclose material exculpatory evidence.  [Please see attached addendum for further specification of claim.]

NOTE:   PLEASE SEE ATTACHED ADDENDUM FOR THE FULL LIST OF CLAIMS RAISED BY THE MOVANT IN THIS MOTION.

(b) **Direct Appeal of Ground Four:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ❑   No ☑

  (2) If you did not raise this issue in your direct appeal, explain why:
    Ineffective assistance of counsel not subject to appeal in this context.

(c) **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ❑   No ☑

  (2) If your answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:


  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):



  (3) Did you receive a hearing on your motion, petition, or application?
    Yes ❑   No ❑

  (4) Did you appeal from the denial of your motion, petition, or application?
    Yes ❑   No ❑

  (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
    Yes ❑   No ❑

  (6) If your answer to Question (c)(4) is "Yes," state:
  Name and location of the court where the appeal was filed:



  Docket or case number (if you know):
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ❏   No ❏
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing:
      Paul A. McKenna, 200 S Biscayne Boulevard, Suite 2940, Miami, FL 33131 / 305-373-1040
    (b) At arraignment and plea:
      Paul A. McKenna, 200 S Biscayne Boulevard, Suite 2940, Miami, FL 33131 / 305-373-1040
    (c) At trial:
      Paul A. McKenna, 200 S Biscayne Boulevard, Suite 2940, Miami, FL 33131 / 305-373-1040
    (d) At sentencing:
      Paul A. McKenna, 200 S Biscayne Boulevard, Suite 2940, Miami, FL 33131 / 305-373-1040

(e) On appeal:

   Paul A. McKenna, 200 S Biscayne Boulevard, Suite 2940, Miami, FL 33131 / 305-373-1040

(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:


16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☑  No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❑  No ☑

    (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

> The judgment of conviction became final less than one year ago, on June 15, 2009.  The motion is therefore timely.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
> A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
> > (1) the date on which the judgment of conviction became final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

WHEREFORE, based on the claims stated herein and in the attached addendum, the movant, Gerardo Hernandez, respectfully asks that the Court grant relief under 28 U.S.C. § 2255 by vacating his convictions and sentence or, alternatively, conditionally vacating his convictions upon the government's right to proceed with a new trial, and that the Court grant any other relief to which movant may be entitled.

                            Respectfully submitted,

| /s/ *Richard C. Klugh* | /s/ *Thomas C. Goldstein* |
|---|---|
| Richard C. Klugh | Thomas C. Goldstein |
| Fla. Bar No. 305294 | Counsel for Gerardo Hernandez |
| Counsel for Gerardo Hernandez | Applying to appear *pro hac vice* |
| RICHARD C. KLUGH, PLLC | AKIN, GUMP, STRAUSS, |
| Ingraham Building | HAUER & FELD LLP |
| 25 S.E. 2nd Avenue, Suite 1105 | 1333 New Hampshire Ave., N.W. |
| Miami, Florida 33131-1605 | Washington, D.C. 20036 |
| Tel. (305) 536-1191 | Tel. (202) 887-4000 |
| Fax (305) 536-2170 | Fax (202) 887-4288 |
| E-Mail  klughlaw@gmail.com | E-mail  tgoldstein@akingump.com |

Dated:   June 14, 2010