UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NOS. 10-21957-CIV-LENARD, 98-721-CR-LENARD

**GERARDO HERNANDEZ,**

    Movant,

v.

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## ORDER DISMISSING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE, AND CLOSING CASE

**THIS CAUSE** is before the Court on a sua sponte review of the record. The President of the United States has the authority to commute sentences under the pardoning power of Article II, Section 2 of the United States Constitution. Schick v. Reed, 419 U.S. 256, 263 (1974). On December 17, 2014, President Barack Obama commuted Movant's remaining sentence and the United States Marshals Service returned Movant to Cuba. See Barack Obama, President of the United States of America, Statement on Cuba (Dec. 17, 2014), available at http://www.whitehouse.gov/issues/foreign-policy/cuba (last visited Dec. 18, 2014) and https://www.youtube.com/watch?v=pyw1iKif9Zs#t=10 (last visited Dec. 18, 2014); see also Federal Bureau of Prisons Inmate Locator, Gerardo Hernandez, Prisoner No. 58739-004 (see Motion (D.E. 1) at 1): Released on 12/17/2014.

> "We can confirm that, prior to the President acting to commute the sentences of three former Cuban intelligence agents, Justice Department

>lawyers reviewed the proposed clemency orders for these prisoners," spokesman Brian Fallon[1] said. "In accordance with the President's decision, these three individuals have now been formally released from the custody of the Bureau of Prisons. Their transfer to Cuba is complete, and was carried out without incident by the U.S. Marshals Service."

Josh Gerstein, Price of U.S.-Cuba deal: Releasing a murderer, Politico (December 17, 2014, 12:22 PM), http://www.politico.com/blogs/under-the-radar/. Prior to the President's speech, a "Senior Administration Official" told a group of reporters that the government "did pursue a swap, an exchange of intelligence assets, including the return of the three Cubans who remained jailed in the United States from the so-called Cuban Five Wasp Network. They were returned to Cuba this morning." Background Conference Call on Policy Changes in Cuba and the Release of Alan Gross, The White House, Office of the Press Secretary, available at http://www.whitehouse.gov/the-press-office/2014/12/17/background-conference-call-policy-changes-cuba-and-release-alan-gross (last visited Dec. 18, 2014). See also Press Briefing by Press Secretary Josh Earnest, 12/17/2014, The White House, Office of the Press Secretary (confirming "spy swap between the three Cubans that were held in Florida and the highly valued intelligence asset that has been held in Cuba for almost 20 years but is now on American soil"), available at http://www.whitehouse.gov/the-press-office/2014/12/17/press-briefing-press-secretary-josh-earnest-12172014.

Relief under 28 U.S.C. § 2255 is only available to persons who are "in custody" and Movant is no longer "in custody" for purposes of the statute. See Maleng v. Cook,

---

[1] Brian Fallon is the Director of the Office of Public Affairs for the United States Department of Justice. See http://www.justice.gov/opa (last visited Dec. 18, 2014).

2

490 U.S. 488, 490-91 (1989). In Maleng, the United States Supreme Court held that a habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired . . . ." Id. at 492.[2] "While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction." Id. Because the President has commuted Movant's remaining sentence, released him from federal custody, and returned him to Cuba, Movant is no longer "in custody" for purposes of Section 2255, and the Court therefore lacks jurisdiction to consider the Motion to Vacate. See id. at 494; Unger v. Moore, 258 F.3d 1260, 1263 (11th Cir. 2001); see also Serrato v. United States, Civil Action File No. 1:14-CV-1871-ODE-JSA, 2014 WL 6705459, at *1-2 (N.D. Ga. Nov. 26, 2014) (slip copy) (adopting report and recommendation and dismissing Section 2255 motion for lack of subject matter jurisdiction because the movant was no longer "in custody"); Triplett v. United States, Civil Action No. 1:11-cv-4459-CAP-AJB, 2012 WL 4362774, at *3 (N.D. Ga. Aug. 29, 2012) (recommending that district court dismiss Section 2255 motion for lack of subject matter jurisdiction because the movant was no longer "in custody").

---

[2] Although Maleng involved a petition for habeas corpus under 28 U.S.C. § 2254, the Supreme Court has specifically stated "§ 2255 was intended to mirror § 2254 in operative effect[,]" and that "§ 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." Davis v. United States, 417 U.S. 333, 343-44 (1974).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Movant Gerardo Hernandez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (D.E. 1), filed June 14, 2010, is **DISMISSED** for lack of subject matter jurisdiction;

2. A Certificate of Appealability **SHALL NOT ISSUE**;

3. All other pending motions are **DENIED AS MOOT**; and

4. This case is now **CLOSED.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 18th day of December, 2014.

*/s/ Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**